## TEBBS v WIWI et

Ohio Appeals, 1st Dist, Hamilton Co

No 5277. Decided Jan 10, 1938

C. L. Hall, Cincinnati, and J. T. Rhyno, Cincinnati, for Appellant.

Messrs. Frieberg & Simmonds, Cincinnati, for Appellees.

## OPINION

By ROSS, PJ.

Appeal on questions of law from the court of common pleas of Hamilton county, Ohio.

The appellee brought suit upon the following note:

"$2900.00 Harrison, Ohio, March 15, 1925

Three years after date, for value received, we or either of us promise to pay to the order of Carrie R. Wiwi, Twenty nine hundred Dollars, with interest at six per cent per annum, payable monthly, with cost of collection or an attorney's fee in case payment shall not be made at maturity, and we hereby authorize any attorney at law to appear before any Court in the State of Ohio, after the above money becomes due and waive the issuing and serving of process, and confess a judgment against us, or any or either of us, in favor of the holder of this note, for the amount appearing due and the cost of suit; and thereupon to release all errors and waive all right of appeal and stay of execution in our behalf, and we hereby waive all right to the appraisal of Real Estate on any execution issued on any judgment on this note; and we hereby agree that the time of payment of this note may be extended without affecting our liability as sureties or endorsers thereon. The drawers and endorsers hereof severally waive presentment for payment, protest and notice of protest, and non-payment of this note.

Payable at The Tebbs Mdse. Co., Harrison, Ohio.

Signed
A. H. Tebbs,
L. Schoenling,
 President."

Schoenling, the brother of payee-appellee did not resist the action, and does not appeal from the judgment against him. Much of appellant's brief is devoted to cases where a signer signs in a representative capacity. Tebbs did not so sign. There is nothing in the note to indicate that it is other than a personal obligation of the signers except the word "president" following the name of Schoenling, who makes no defense upon the basis of agency, supported by corporate authorization.

The defense of Tebbs was in effect a general denial. No affirmative defense was advanced by him.

The evidence showed that Tebbs and Schoenling bought out a stockholder in the corporation, who with them had constituted the governing members of the corporation. The $2900 received from the sister of Schoenling was disbursed $900 to the corporation and $2000 for the stock of the other contracting stockholder.

The provisions of §8125, GC, are specific and definite, but are in fact not involved, as Tebbs did not sign in a representative capacity, and there is nothing in the note, the evidence, or proferts to indicate he did·so.

One single suggestion of appellant claimed to have such effect requires comment.

The payee of the note proved her sworn claim against the receivership of the corporation for the full amount of the note. Upon examination only the portion of the note used for the benefit of the corporation was allowed and dividends paid thereon.

No estoppel is pleaded or change of position of Tebbs shown by reason of this claim. The evidence is merely advanced for the purpose of showing that the payee considered the note a corporation rather than a personal obligation. This does not show either that Tebbs signed in a representative capacity or had authority from the corporation to do so. In other words it is perfectly consistent that the payee may have considered the note a corporate note and that it was not.

Dividends were paid by the receiver and the principal of the note had been reduced to this extent. The appellant may not complain that the receiver erred to his benefit.

The corporation paid the interest on the note for many years. This is explained simply by the fact that the corporation after, Livingston, the stockholder who was bought out, retired, consisted of a family affair. The stockholders were Tebbs and Schoenling and their wives, or relatives. Tebbs and Schoenling could, therefore, without actual fraud have used the corporate funds to pay their personal obligations without fear of criticism from anyone.

This evidence does not show that Tebbs signed in a representative capacity, or was so authorized by the corporation. Such proof is necessary to relieve him from personal liability.

The judgment is affirmed.

HAMILTON & MATTHEWS, JJ, concur.